**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Marion Stewart, Appellant.

Appellate Case No. 2011-190629

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

Unpublished Opinion No. 2012-UP-654
Submitted November 1, 2012 – Filed December 12, 2012

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie Kate Keeney, all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.

**PER CURIAM:** Marion Stewart appeals his conviction of armed robbery, arguing the trial court erred in denying his motion to suppress a confession because (1) the confession was not voluntary and (2) Stewart was in custody at the time of the confession and should have been read his *Miranda* rights. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the confession was voluntary: *State v. Goodwin*, 384 S.C. 588, 601, 683 S.E.2d 500, 507 (Ct. App. 2009) ("When reviewing a trial [court]'s ruling concerning voluntariness, the appellate court does not re-evaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial [court]'s ruling is supported by any evidence."); *State v. Miller*, 375 S.C. 370, 384, 652 S.E.2d 444, 451 (Ct. App. 2007) ("The test of voluntariness is whether a defendant's will was overborne by the circumstances surrounding the given statement." (internal quotation marks and alterations omitted)); *id.* (stating the voluntariness test "takes into consideration the totality of all the surrounding circumstances" (internal quotation marks omitted)); *id.* at 386, 652 S.E.2d at 452 ("Appellate entities in South Carolina have recognized that appropriate factors to consider in the totality-of-circumstances analysis include: background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency."); *State v. Howard*, 296 S.C. 481, 492, 374 S.E.2d 284, 290 (1988) ("Where there is conflicting evidence as to whether defendant's statement is voluntary, it is, in the first instance, the province of the trial court to determine this factual issue by the preponderance of the evidence.").

2. As to whether Stewart was in custody at the time of his confession: *State v. Evans*, 354 S.C. 579, 583, 582 S.E.2d 407, 409 (2003) ("Appellate review of whether a person is in custody is confined to a determination of whether the ruling by the trial [court] is supported by the record."); *State v. Easler*, 322 S.C. 333, 340, 471 S.E.2d 745, 749 (Ct. App. 1996) ("The fact that the investigation has focused on the suspect does not trigger *Miranda* warnings unless he is in custody."); *Evans*, 354 S.C. at 583, 582 S.E.2d at 410 ("The custodial determination is an objective analysis based on whether a reasonable person would have concluded that he was in police custody."); *Easler*, 322 S.C. at 342, 471 S.E.2d at 750 (holding although the officer knew an arrest warrant had been issued for the defendant, the defendant did not have knowledge of his impending arrest at the time he made an incriminating statement and, therefore, the defendant was not in custody for the purposes of *Miranda*).

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.